IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 12-cv-03204-BNB

JESUS O. HALL,

    Plaintiff,

v.

J. BROWN, RN,
ALLRED, Dr.,
MCDERMOT, Health Administrator,
DANIELS, Warden,
HAVER, Off., and
CINK, P.A.,

    Defendants.

ORDER DIRECTING PLAINTIFF TO FILE SECOND AMENDED COMPLAINT

    Plaintiff, Jesus Hall, is a prisoner in the federal Bureau of Prisons and currently is incarcerated at the United States Penitentiary in Florence, Colorado. He initiated this action by submitting *pro se* a Complaint asserting a deprivation of his constitutional rights pursuant to **Bivens v. Six Unknown Named Agents**, 403 U.S. 388 (1971). On December 10, 2012, Magistrate Judge Boyd N. Boland directed Mr. Hall to file his pleading on the court-approved Prisoner Complaint form and to submit a Prisoner's Motion and Affidavit for Leave to Proceed Pursuant to 28 U.S.C. § 1915. Plaintiff submitted a Prisoner Complaint and a § 1915 Motion and Affidavit on December 26, 2012. He has been granted leave to proceed pursuant to 28 U.S.C. § 1915.

    The Court must construe the Prisoner Complaint liberally because Mr. Hall is not represented by an attorney. **See Haines v. Kerner**, 404 U.S. 519, 520-21 (1972); **Hall**

*v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991).  However, the Court should not act as an advocate for *pro se* litigants.  *See Hall*, 935 F.2d at 1110.   The Court has reviewed the complaint and has determined that it is deficient.  For the reasons discussed below, Mr. Hall will be ordered to file an amended complaint.

Mr. Hall alleges in the Prisoner Complaint that he suffered a severe brachial plexus injury and has been diagnosed with associated chronic neurological conditions. He alleges that while at USP-Lewisburg, a physician prescribed Gabapentin for his condition, which he continued to take after he was transferred to USP-Florence. However, on November 25, 2012, Defendants Brown and Haver issued an incident report against him for misuse of his medication, asserting that Plaintiff failed to swallow his medication after it was given to him.  Plaintiff states that Defendants Brown and Haver watched him swallow the medication and knew the incident report was false.  Mr. Hall was informed by a nurse the following day that Defendant Brown had discontinued his Gabapentin with Defendant Dr. Allred's approval.  Mr. Hall filed a request for medical remedy with Dr. Allred, who responded that Plaintiff "was not in imminent danger, only put in an uncomfortable position."  Mr. Hall alleges that without the Gabapentin, he has suffered loss of sleep, aching eyes and severe headaches.
Plaintiff informed Defendants McDermot and Daniels that Dr. Allred had abruptly discontinued his medication without medical justification, and that he was in extreme pain and could not sleep because he was suffering from severe electrical shocks.  He further advised the Defendants that without the medication, his left hand was essentially crippled.  Mr. Hall alleges that Defendants McDermot and Warden Daniels told him that

they would not "go against" the medical providers' decision.  Defendant McDermot later advised Mr. Hall that he should use the funds in his inmate account to purchase some over-the-counter pain medication from the "OTC store list."  Plaintiff alleges that on December 5, 2012, Defendant P.A. Cink told Plaintiff that all he could prescribe was a "self-carry" weaker pain medication because he could not over-ride Dr. Allred's decision to discontinue the Gabapentin.  Mr. Hall alleges that the pain medication prescribed by P.A. Cink is not effective, that his symptoms are getting worse and that he is in severe pain.  Plaintiff seeks injunctive and monetary relief.

The Prisoner Complaint is deficient because Mr. Hall fails to allege the personal participation of Defendants McDermot and Daniels in a violation of his constitutional rights.  Personal participation by the named defendants is an essential allegation in a civil rights action.  **See Bennett v. Passic**, 545 F.2d 1260, 1262-63 (10th Cir. 1976); **Kentucky v. Graham**, 473 U.S. 159, 166 (1985).  There must be an affirmative link between the alleged constitutional violation and each defendant's participation, control or direction, or failure to supervise.  **See Butler v. City of Norman**, 992 F.2d 1053, 1055 (10th Cir. 1993); **see also Dodds v. Richardson**, 614 F.3d 1185, 1200-1201 (10th Cir. 2010) ("[D]efendant-supervisors may be liable under § 1983 [or **Bivens**] where an 'affirmative' link exists between the unconstitutional acts by their subordinates and their 'adoption of any plan or policy. . .–express or otherwise–showing their authorization or approval of such 'misconduct.'") (quoting **Rizzo v. Goode**, 423 U.S. 362, 371 (1976)).  Supervisors can only be held liable for their own misconduct.  **See Ashcroft v. Iqbal**, 556 U.S. 662, 676 (2009).  A supervisor cannot incur liability under

§ 1983 for his mere knowledge of a subordinate's wrongdoing.  *Id.*; *see also* **Fogarty v. Gallegos**, 523 F.3d 1147, 1162 (10th Cir. 2008) *(*"[Section] 1983 [or **Bivens**] does not recognize a concept of strict supervisor liability; the defendant's role must be more than one of abstract authority over individuals who actually committed a constitutional violation.").  Accordingly, it is

ORDERED that Plaintiff, Jesus Hall, file **within thirty (30) days from the date of this order,** an amended complaint that complies with the directives in this order.  It is

FURTHER ORDERED that Plaintiff shall obtain the court-approved Complaint form (with the assistance of his case manager or facility's legal assistant), along with the applicable instructions, at www.cod.uscourts.gov.  It is

FURTHER ORDERED that, if Plaintiff fails to file an amended complaint that complies with this order within the time allowed, the Court will dismiss some of the Defendants without further notice for the reasons discussed above.

DATED February 5, 2013, at Denver, Colorado.

BY THE COURT:

s/ Boyd N. Boland
United States Magistrate Judge