IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 12-cv-03204-BNB

JESUS O. HALL,

     Plaintiff,

v.

J. BROWN, RN,
ALLRED, Dr.,
MCDERMOT, Health Administrator,
HAVER, Off., and
CINK, P.A.,

     Defendants.

---

ORDER TO DISMISS IN PART AND TO DRAW CASE
TO DISTRICT JUDGE AND TO MAGISTRATE JUDGE

---

Plaintiff, Jesus O. Hall, is in the custody of the federal Bureau of Prisons and is incarcerated currently at the United States Penitentiary in Florence, Colorado. Mr. Hall initiated this action by filing a Prisoner Complaint asserting a deprivation of his constitutional rights pursuant to 28 U.S.C. § 1331 and *Bivens v. Six Unknown Named Agents*, 403 U.S. 388 (1971).  He filed an amended complaint on December 26, 2012.

On February 5, 2012, Magistrate Judge Boyd N. Boland reviewed the amended complaint and found it to be deficient because Mr. Hall failed to allege the personal participation of certain Defendants in a violation of his constitutional rights.  Magistrate Judge Boland therefore ordered Plaintiff to file a second amended complaint within thirty days.  Mr. Hall filed a second amended complaint on March 4, 2013 (ECF No. 26).

Pursuant to 28 U.S.C. § 1915A, the Court is required to review the second

amended Complaint because Mr. Hall is a prisoner and he is seeking redress from officers or employees of a governmental entity.  Pursuant to § 1915A(b)(1), the Court is required to dismiss the second amended complaint, or any portion thereof, that is frivolous.  A legally frivolous claim is one in which the plaintiff asserts the violation of a legal interest that clearly does not exist or asserts facts that do not support an arguable claim.  *See Neitzke v. Williams*, 490 U.S. 319, 324 (1989).

The Court will construe the second amended complaint liberally because Mr. Hall is not represented by an attorney.  *See Haines v. Kerner*, 404 U.S. 519, 520-21 (1972); *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991).  However, the Court should not act as an advocate for pro se litigants.  *See Hall*, 935 F.2d at 1110.  For the reasons discussed below, the second amended complaint will be dismissed, in part.

Mr. Hall alleges in the second amended complaint that he suffered a severe brachial plexus injury and has been diagnosed with associated chronic neurological conditions.  He further alleges that while at USP-Lewisburg, a physician prescribed Gabapentin for his condition, which he continued to take after he was transferred to USP-Florence.  However, on November 25, 2012, Defendants Brown and Haver issued an incident report against him for misuse of his medication, asserting that Plaintiff failed to swallow his medication after it was given to him.  Plaintiff states that Defendants Brown and Haver watched him swallow the medication and knew the incident report was false.  Mr. Hall was informed by a nurse the following day that Defendant Brown had discontinued his Gabapentin with Defendant Dr. Allred's approval.  Mr. Hall filed a request for medical remedy with Dr. Allred, who responded that Plaintiff "was not in imminent danger, only put in an uncomfortable position."  Mr. Hall alleges that without

2

the Gabapentin, he has suffered loss of sleep, aching eyes and severe headaches.

Plaintiff informed Defendant McDermot that Dr. Allred had abruptly discontinued his

medication without medical justification, and that he was in extreme pain and could not

sleep because he was suffering from severe electrical shocks.  He further advised

Defendant McDermot that without the medication, his left hand was essentially crippled.

Mr. Hall alleges that Defendant McDermot told him that she would not "go against" the

medical provider's decision.  Defendant McDermot later advised Mr. Hall that he should

use the funds in his inmate account to purchase some over-the-counter pain medication

from the "OTC store list."  Plaintiff alleges that on December 5, 2012, Defendant P.A.

Cink told Plaintiff that all he could prescribe was a "self-carry" weaker pain medication

because he could not over-ride Dr. Allred's decision to discontinue the Gabapentin.

On December 27, 2012, a disciplinary hearing officer (DHO) found that Plaintiff

did not misuse his pain medication on November 25, 2012, and ordered that the

incident report be expunged. Mr. Hall advised Defendant McDermot that the incident

report had been expunged and requested that his Gabapentin prescription be

reinstated, but McDermot told him that she had the authority to discontinue his pain

medication regardless of the DHO's findings.  Mr. Hall alleges that the pain medication

prescribed by P.A. Cink was not effective and that his symptoms worsened and he

experienced severe pain for approximately two months before Dr. Allred reinstated his

Gabapentin prescription on January 23, 2013.  Plaintiff seeks injunctive and monetary

relief.

Mr. Hall cannot maintain his claim against Defendant P.A. Cink because he fails

3

to allege facts to demonstrate an arguable Eighth Amendment violation. "A prison official's deliberate indifference to an inmate's serious medical needs violates the Eighth Amendment." *Sealock v. Colorado*, 218 F.3d 1205, 1209 (10th Cir. 2000). "[A] prison official violates the Eighth Amendment only when two requirements are met.  First, the deprivation alleged must be, objectively, sufficiently serious . . . [Second,] a prison official must have a sufficiently culpable state of mind." *Farmer v. Brennan*, 511 U.S. 825, 834 (1994) (quotations omitted); *see also Estelle v. Gamble*, 429 U.S. 97, 104-06 (1976) (prison officials may not be deliberately indifferent to the serious medical needs of inmates in their custody).  Deliberate indifference means that "a prison official may be held liable . . . only if he knows that inmates face a substantial risk of serious harm and disregards that risk by failing to take reasonable measures to abate it." *Farmer*, 511 U.S. at 847.

Mr. Hall alleges in the second amended complaint that Dr. Allred approved Nurse Brown's discontinuation of Plaintiff's Gabapentin prescription and that Dr. Allred refused to reinstate the prescription until January 23, 2013.  In the meantime, Plaintiff requested the Gabapentin from Defendant P.A. Chink who told Plaintiff that he could not over-ride Dr. Allred's medical judgment, but did advise Plaintiff that he was allowed to purchase over-the-counter pain medications.  Mr. Hall does not allege any facts in the second amended complaint to show that Defendant Cink, a physician's assistant, had the authority to disregard Dr. Allred's decision**.**  The facts alleged by Plaintiff fail to state an arguable claim that P.A. Cink acted with deliberate indifference to Plaintiff's serious medical needs, in violation of the Eighth Amendment.  As such, Defendant Cink is an

4

improper party to this action and will be dismissed.

By contrast, Plaintiff does allege facts to show that Defendant McDermot, the USP-Florence Health Administrator, had the ultimate responsibility for all decisions to provide medical care at USP-Florence and failed to intervene after Plaintiff informed her that the basis for discontinuing his Gabapentin prescription was fabricated. See *Gallagher v. Shelton*, 587 F.3d 1063, 1069 (10th Cir. 2009) (stating that there must be "an affirmative link between the constitutional deprivation and either the supervisor's personal participation, [her] exercise of control or direction, or [her] failure to supervise.").

The Court will not address at this time the merits of Mr. Hall's Eighth Amendment claims against Defendants Brown, Allred, McDermot, and Haver.  Instead, the action will be drawn to a district judge and to a magistrate judge as provided in D.C.COLO.LCivR 8.2D because the Court has completed its review pursuant to D.C.COLO.LCivR 8.2C. Accordingly, it is

ORDERED that Defendant P.A. Cink is DISMISSED for Plaintiff's failure to allege facts to state an arguable Eighth Amendment claim against the Defendant.  It is

FURTHER ORDERED that the claims against Defendants Brown, Allred, McDermot and Haver shall be drawn to a district judge and to a magistrate judge.  It is

FURTHER ORDERED that the "Memorandum of Law to Support Preliminary Injunction . . ." (ECF No. 4), filed on December 6, 2012 is DENIED as moot because Plaintiff's Gabapentin prescription was reinstated on January 23, 2013.  (*See* ECF No. 26, at 7).  It is

FURTHER ORDERED that the "Declaration in Support of Motion to Proceed In Forma Pauperis" (ECF No. 3), filed on December 6, 2012, the "Motion for Leave to Supplement Amended Prisoner's Complaint" (ECF No. 20), filed on January 14, 2013, and the "Motion to Amend and Correct Previous Motion for a Preliminary Injunction" (ECF No. 16), filed on January 2, 2013, are DENIED as moot.

DATED at Denver, Colorado, this __18th__ day of ____March_____, 2013.

BY THE COURT:


__ s/Lewis T. Babcock_____
LEWIS T. BABCOCK, Senior Judge
United States District Court